UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DANNY ANTONIO GRANADOS GARCIA,

               Petitioner,

               v.

ANTONE MONIZ, Superintendent,
Plymouth County Correctional
Facility, PATRICIA HYDE, Field
Office Director, MICHAEL KROL,
HSI New England Special Agent
in Charge, TODD LYONS, Acting
Director of U.S. Immigrations and
Customs Enforcement, MARKWAYNE
MULLIN, Secretary of Homeland
Security, TODD BLANCHE, Acting
Attorney General of the U.S., and
DONALD TRUMP, President of the U.S.

               Respondents.

CIVIL ACTION
NO. 26-11569-WGY

YOUNG, D.J.                                    May 5, 2026

**ORDER**

The Court has reviewed the petition filed by Petitioner

Danny Antonio Granados Garcia ("Granados Garcia") for habeas

corpus relief under 28 U.S.C. § 2241 ("Pet." or "the Petition"),

ECF No. 1, as well as the Respondents' response, Resp'ts' Resp.

Habeas Pet'r's Habeas Pet.  ("Resp."), ECF No. 8.  The Court

hereby ALLOWS the Petition insofar as it seeks a bond

hearing/individualized custody redetermination before an

immigration judge, at which the government bears the burden of

proving Granados Garcia poses a danger to the community or flight risk, see Hernandez-Lara v. Lyons, 10 F.4th 19, 41 (1st Cir. 2021), and ORDERS this hearing be held within seven (7) days of the date of this Order.  The Court further ORDERS Respondents to file a status report -- stating whether Petitioner has been granted bond and, if his request for bond is denied, the reasons for the denial -- within ten (10) days of this Order.

FACTUAL BACKGROUND.  Granados Garcia claims to be a native and citizen of El Salvador.  Pet. ¶¶ 4, 21.  He was detained by Immigration Customs Enforcement ("ICE") on or about March 10, 2026, and has since remained in its custody.  Id. ¶¶ 2, 20. Granados Garcia contends that his detention violates INA provisions and his rights under the Due Process Clause of the Fifth Amendment.  Id. at 9.  Thus, Granados Garcia requests a bond hearing.  Id. ¶ 23, and at 11.

ANALYSIS.  District courts retain jurisdiction to hear noncitizens' challenges to the legality of their immigration detention.  Kong v. United States, 62 F.4th 608, 614 (1st Cir. 2023).  Since Granados Garcia challenges his continued detention, this Court has jurisdiction over his petition.

[2]

Granados Garcia claims he has resided in the United States since May 2016.  Pet. ¶ 1.  This Court agrees with petitioner Granados Garcia that his custody is governed by 8 U.S.C. § 1226(a) which, as due process requires, entitles him to a bond hearing before an immigration judge.  This conclusion is consistent with a growing body of this court's rulings in similar cases.  See, e.g., Sampiao v. Hyde, 799 F. Supp. 3d 14, 19-20 (D. Mass. 2025) (Kobick, J.); De Andrade v. Moniz, 802 F. Supp. 3d 325, 333 (D. Mass. 2025) (Saylor, J.); Araujo da Silva v. Bondi, No. 25-CV-12672-DJC, 2025 WL 2969163, at *2 (D. Mass. Oct. 21, 2025) (Casper, C.J.); Chuqui Paredes v. Moniz, No. CV 26-10335-FDS, 2026 WL 309632, at *2 (D. Mass. Feb. 5, 2026) (Saylor, J.).  Notably, Respondents do not contest Petitioner's eligibility for a bond hearing.  Resp. at 1-2.

For the foregoing reasons, the Court rules as follows.  The Court ALLOWS the Petition, ECF No. 1, insofar as it seeks a bond hearing/individualized custody redetermination before an immigration judge, at which the government bears the burden of proving that Granados Garcia poses a danger to the community or flight risk, see Hernandez-Lara, 10 F.4th at 41, and ORDERS this hearing be held within seven (7) days of the date of this Order. The Court ORDERS Respondents to file a status report -- stating whether petitioner Granados Garcia has been granted bond and, if

[3]

the request for bond is denied, the reasons for the denial --

within ten (10) days of this Order.

**SO ORDERED.**

_____
WILLIAM G. YOUNG
DISTRICT JUDGE